Okey, J.
“A grant of probate or of administration is in the-nature of a decree in rem, and actually invests the executor- *370 •or administrator with the character which it declares belongs to him.” 2 Smith’s Lead. Cas. (7th Am. ed.), *593. .Subsequent acts in the administration of the estate, done by or under direction of the court, are steps in the same proceeding. With respect to some of these acts, provision is made that notice shall be given. Thus the statute (1 'Curwen, 708) which has been repealed and re-enacted with •changes (75 Ohio L. 854), provided that the executor or administrator should give notice of the time and place of making an inventory and appraisement of the personal property, and of the time and place of the sale of such property, .and, if the estate was declared insolvent, he was required, to give notice of the fact. While obviously many acts may be performed in the administration of the estate with-cut notice (as in 5 Ohio, 200), others can not be properly performed in the absence of it, though the statute be silent. Of the latter class are proceedings to appoint new appraisers, and the act of such appraisers in making allowance to a widow for a year’s support. True, the statute did not, in terms, require notice to the executor, much less notice in any prescribed form; but the executor represents the ■estate and in a sense the creditors, and upon the plainest principles of justice, he is entitled to notice of these proceedings. Again, the new appraisers were appointed on the ground that the former appraisers had failed to make an allowance for the support of the widow. ‘ That appointment was irregular. The court should have instructed the original appraisers as to their duty in that respect, though, as hereafter stated, we do not decide what that instruction .should have been. But all the matters complained of were irregularities, to be corrected in the probate court (Civil Code, §§ 534-542), and its action in this respect will not be reviewed on error where no injury is shown.
We can not say, indeed, looking into this record, that the original appraisers were not absent, or that they had not become incompetent; nor can we say that the' executor was not notified of the application to' appoint the new appraisers. Here it appears that the order was .made on the *371 .application “ for the appointment of new appraisers, the exhibit and proof.” How can we say that this did not include proof of notice to the executor ? There is nothing in the record to show that notice was not given, except the motion, án,d that is not evidence. The court may have overruled the motion on the ground that notice had been given.
Again, the executor appeared in court, and, without making complaint, then or at any time, as to the amount of the allowance, moved the court to set aside the order appointing the new appraisers, and the action of such appraisers, on the further ground that the widow is barred of such allowance by an antenuptial contract. But that contract is not part ■of the record, in any permissible form. It is not embodied in a bill of exceptions, or ordered to be made part of the record. We are not permitted to consider it; and, therefore, we express no opinion whether the widow was barred of th.e allowance by the antenuptial agreement; nor do we decide whether the probate court is clothed with jurisdiction to determine such question, or whether it is the duty of that court, under such circumstances, to instruct the appraisers to make the proper allowance, leaving the question whether it is barred by the antenuptial contract to be determined elsewhere.

Judgment affirmed.